FRIEDLANDER, Sr. J.,
concurring in part and dissenting in part.
[32] I would affirm the trial court in every respect, including most notably its ■division of Husband’s pension,, and therefore respectfully dissent in part from the portion of the Majority’s .option that remands for further proceedings with respect to that issue.
• [33] As the Majority notes, trial courts may utilize the “coverture fraction formula” method to distribute pension or retirement plan benefits to earning and non-earning spouses. This method has been described thus: “Under this methodology, the value of the retirement plan is multiplied by a fraction, the numerator of which is. the period of time during which the marriage existed. (while pension rights were accruing) and the denominator is the total period of time during which pension rights, accrued.” In re Marriage of Fisher, 24 N.E.3d 429, 433 (Ind.Ct.App.2014). Even without the magic words indicating that the trial court technically considered all of Husband’s pension as a marital asset before setting aside to him the coverture portion earned outside the marriage, it is very clear that this is precisely the method employed in dividing Husband’s pension between him and Wife. Although I understand the point the Majority is making in remanding on'the stated rationale, it needlessly prolongs this litigation and ultimately serves no purpose. The trial court obviously employed a well-established and well-accépted method in distributing Husband’s pension, and I would let that be the end of the mattér.